UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EDGAR VIDAURRI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:09-CV-580 JVB |
| ) | |
| EDWIN BUSS, Commissioner of the ) | |
| Indiana Department of Correction, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Edgar Vidaurri, a prisoner currently confined at the Miami Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Indiana Department of Correction ("IDOC") Commissioner Edwin Buss violated his federally protected rights while he was confined at the Indiana State Prison ("ISP"). He seeks $700,000 for his "ongoing medical care and for anguish suffered as a direct result of the negligent acts of a state employee." (DE 1 at 3).

Pursuant to 28 U.S.C. § 1915A(a), the Court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

A document filed pro se is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487

U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

According to the complaint, on February 20, 2008, while he was in his cell at the ISP, "a large piece of concrete fell from the ceiling of the cell striking the Plaintiff on the forehead above his right eye." (DE 1 at 2). Plaintiff was taken to the infirmary and treated for his injuries. He states that "[s]ince the incident, [he] has suffered chronic migrain[e] headaches, frequent bouts of lightheadedness and blurred vision for which he has had to be treated." *Id.*

Plaintiff states that he "is seeking damages against Commissioner Edwin Buss due to injury incurred while residing in the C-cellhouse of the Indiana State Prison, a building owned, operated and maintained by the Indiana Department of Corrections [of] which the Defendant is the current Commissioner." (DE 1 at 2). He alleges that:

> Commissioner Buss violated the Plaintiff's right to safe and secure living conditions in allowing employees of the Indiana State Prison to neglect to maintain a safe and secure atmosphere conducive to healthy and safe living. Due to the negligence of his state employees, Commissioner Buss has forced the Plaintiff to suffer ongoing medical problems as a direct result of the injury incurred while housed in a state facility.

(DE 1 at 3).

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which

3

he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Plaintiff alleges that Commissioner Buss is responsible for negligent actions by his subordinates at the ISP, which led to his injuries. Because Plaintiff may not rely on the doctrine of *respondeat superior* to name Commissioner Buss as a defendant based on the actions or inactions of his subordinates, *Moore v. State of Indiana*, 999 F.2d at 1129, Commissioner Buss must be dismissed from this action.

That Plaintiff has not named a proper defendant is not the end of the court's inquiry. If there is a possibility that he could name a defendant against whom the facts he relates might state a claim, the court would allow him time to file an amended complaint. That is not the case.

Plaintiff's claim is analogous to claims for failure to protect one inmate from being attacked by another inmate. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Similarly, prison officials have a duty to protect prisoners from unsafe housing conditions, including falling ceilings. However, the Eighth Amendment is violated only if deliberate indifference by prison officials knew there was a problem with the ceiling but allowed it to fall on an inmate.

4

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that prison officials merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Vidaurri alleges that he was injured "[d]ue to the negligence of" ISP officials (DE 1 at 3) and that his injuries were "a direct result of the negligence of the state due to failing to keep living quarters in proper order." *Id.* Negligence, however, does not satisfy the "deliberate indifference" standard. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Sellers*, 41 F.3d at 1102. Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). Negligent failure to properly maintain C-cellhouse at the ISP is not actionable in a § 1983 action.

That Plaintiff has no federal claim against the State of Indiana or state officals for negligence

in maintaining C-cellhouse does not mean that he may not pursue his claims against them in state court as a tort claim, provided he has met the procedural requirements to sue the state or its employees in state court. Accordingly, the Court will dismiss this claim without prejudice to Plaintiff's right to bring his negligence claims in an appropriate state court.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the Court **DISMISSES** this complaint without prejudice to the Plaintiff's right to bring his negligence claims in an appropriate state court.

SO ORDERED on February 11, 2010.

      s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT